May it please the court, my name is Carlos Cruz and I represent the petitioner. Your honors, may I reserve two minutes for rebuttal? You may, and also you did receive the focus order, correct? Yes, I did, your honor. You may proceed. Thank you, your honor. Your honors, the Supreme Court's decision in Patel v. Garland did not strip this court of jurisdiction over immigration court judgments that do not involve the granting of relief. The court held that 8 U.S.C. § 1252a-2b bars review of any and all judgments regarding the granting of relief. The decision applies both to factual determinations and discretionary decisions based on those factual findings. But the court clearly noted that this section does not preclude all review of decisions made in removal proceedings. According to the majority, and I quote, to be sure, the reference to the granting of relief appears to constrain the provision from sweeping in judgments that have nothing to do with that subject. The court also noted that this particular bar only applies to one facet of the removal process and that if made elsewhere in the proceedings, the facts in the case would have been subject to review. I think it's important to note what the Supreme Court did not say in this decision, your honor. And what the Supreme Court did not say is that there are only two facets in the immigration removal context, that involving removability and that involving discretionary relief. The court could have simply said that once removability was established by the government, by clear and convincing evidence, that no additional review was permitted under 1252a-2b. But the court did not say that. It provided that there was a constraint and that there was a limitation. This order in Patel does not preclude review of procedural matters, such as motions to continue and other matters that affect certainly the outcome of the case, but are not regarding the granting of relief. Well, if I may interrupt, that's fine maybe for the motion to continue, but the motion to continue wouldn't have made any difference, given the agency's finding with respect to the conviction that made him ineligible for cancellation of removal. So why isn't the judgment that he had this conviction a judgment that falls within the scope of Patel? Yes, your honor. So the decision by both the board and the immigration judge are completely erroneous. And certainly the judgment with regards to continue the matter will ultimately affect the motion to vacate, which was granted by the state court. But I think what's important to understand here is that there is a clear misunderstanding on the part of the board and on the part of the immigration judge about the criminal record affecting this case. The court concluded that there were three separate drug convictions in this case. That is completely false and not supported by the record. Right. But my question is, why do we have jurisdiction to review that? Because the board's assessment of his criminal history was part of its determination of whether he was eligible for cancellation of removal. So why isn't that a question that Patel says we don't get to look at? Your honor, because we're looking at it within the context of the motion to continue. If you were looking at these facts within the context of the application for adjustment of status, which was the underlying application, despite what the VA's decision provides. If you're looking at it within that context regarding eligibility, you're absolutely right. This court would not have jurisdiction to review that finding after the Patel decision by the court. But you're looking at these facts in a different context. And as the court noted, if the facts were present in other parts of the renewal process, those facts would be reviewable. The Supreme Court's decision provides that in Patel. So you're looking at these facts regarding his criminal record under the context of the motion to continue to decide whether or not, as the provision requires for good cause, whether there was a likelihood of success in the merits and whether the requested relief would have affected the outcome of the case. So these two elements for good cause are not related to the ultimate granting of relief application. These two elements relate to the motion to continue. And therefore, given that we're considering these facts in this context for motion to continue purposes, the court is able to review despite what the Patel court's decision provides. So it's important to know where exactly in the proceedings the judge analyzed these facts with regards to his criminal record. If the facts have been regarded under the cancellation application or the adjustment application, we would agree with your honor that following Patel's order, the court would not be able to review the facts of this case. But that is not where that review took place. That review took place within the context of the motion to continue. And that review by the immigration judge in this case, your honor, is clearly erroneous. And I'll give you, for example, the 1999 case in this record. The court says that the petitioner was unable to show that he was not convicted of being under the influence of a controlled substance. This is belied by the record. The record provides that the petitioner's brother in court appeared in court, and the judge amended the record to provide that it was the brother who had been convicted of being under the influence of a controlled substance. The judge questions that amendment in the docket on the basis that the petitioner and the defendant in the 1999 case were under the influence, were represented by the same lawyer, and appeared before the same judge. Your honor, I'll add to that. And I'll tell you that they were represented by the same lawyer, by the same judge, in front of the same district attorney, with the same court reporter, with the same bailiff, in the same department that same day and that morning. Your honor, it is simply irrational to believe that a criminal court judge would accept a defendant to enter a guilty plea in a 2000 case for possession of a controlled substance, and then immediately thereafter allow the same defendant to use a different name to accept a probation violation for the 1999 case. That in itself establishes clearly that this was not the petitioner in the 1999 case for being under the influence of a controlled substance. And yet the judge relies on that particular offense to find that petitioner was not eligible for adjustment of status and cancellation of removal. The 1999 case does not belong to this petitioner. And therefore, that offense does not disqualify petitioner from further pursuing the application. I would also refer the court to the plea agreement for both cases, the 1999 case and the 2000 case. The 1999 case for under the influence, the 2000 case for possession. The signatures are vastly different in the record, in this record, that the court should also review. The court also notes in support of the conclusion that the 1999 case belonged to the petitioner, that the same name had been used in other cases involving assault and involving expungements. Yes, it's true. Petition has other criminal convictions, but convictions that do not bar his application for relief. Your Honor, the court also says the petitioner couldn't show that he was not the defendant in 1999 case because there was an expungement filed for both cases by the same lawyer, both of which were rejected at the same time. There's nothing unusual about two brothers hiring the same lawyer to file expungements on the same day. That doesn't provide a rational basis in order to find that petitioner was the defendant in that 1999 case. And to this regard, the state court order amending the record to reflect the defendant in the 1999 case was someone else. May I ask you to just to go back to the premise that you started with about Patel. I mean, Patel says, right, so the statute says, you know, any judgment regarding the granting of relief. And Patel says a couple of times, like any is very expansive. It means it's not just about the granting of relief, but anything relating to the granting of relief. So why why isn't a decision about whether to grant a continuance in proceedings aimed at deciding whether to grant discretionary relief? Why isn't that a decision relating to the granting of relief? I'll offer you a few reasons. One, that motion to continue is not made pursuant to the five enumerated sections at 1252 A to B. The granting of relief clearly relates to sections to 12 I to 12 H. Cancellation of removal, voluntary departure and adjustment of status. Motion to continue is not made pursuant to any one of those five sections listed at 1252 A to B. Moreover, your honor, the motion to continue is made prior to a decision on any application for relief. And more importantly, in my opinion, a motion to continue does not grant an immigration benefit, doesn't grant you immigration status the way an application for relief relief would. It doesn't bar removal the way voluntary departure would. It is simply a procedural safeguard that is not barred from review by this court, given the errors committed in this case by both the board and the immigration judge. And for these reasons, your honor, the court should reverse the board's decision. Thank you. We'll go ahead and give you two minutes for rebuttal. Thank you, your honor. I appreciate that. Ms. Lee, when you're ready. Hold on one second. One second, Ms. Lee. You may proceed. May it please the court, genuinely on behalf of the respondent, the attorney general of the United States. Respondent agrees with petitioner that Patel does not apply to this case. Because Patel dealt with whether the federal courts have jurisdiction or whether that jurisdiction was limited by 1252 A to B little I. In this case, as Petitioner's Counsel stated, we're talking about a procedural decision, which would, the most applicable decision on this point would be Kukana v. Holder, which is a Supreme Court case from 2010. And in Kukana, the Supreme Court made a distinction between substantive decisions, such as whether to grant a specific type of relief or whether the agency's authority came from the attorney general's regulation. And the Supreme Court in Kukana said that if we are talking about procedural or adjunct decisions that come from the attorney general's regulations, then the federal courts retain jurisdiction over those decisions. Isn't that the argument that you, I mean, if I recall correctly in Patel, the government was aligned with the petitioner there and thought that the jurisdictional bar didn't apply. And isn't that essentially the argument that the government made in Patel, relying on Kukana, which the court did not accept? It is not. In Patel, the petitioner sought adjustment of status, and for adjustment of status, he had to show that he had not been convicted of certain crimes. And in that case, the government thought that those were matters of fact and not a matter of discretion. And so that would fall outside of, so that would fall outside of the jurisdictional bar of 1252 A2EI. So that was the decision that was made. But in this case, we're talking about a motion to continue, a motion to remand, which are completely procedural devices that are adjunct to the main decision. So adjustment of status requires a person to show that they had not been convicted of certain crimes and that they are eligible as a matter of discretion. So that is the distinction here. So, I mean, I get, I take the point that they are not the main decision, they are adjunct to it, but that kind of sounds like there's something separate from it that merely relates to it, right? I mean, the court told us relating is very broad. Why doesn't it fall within the scope of a decision that is related to the ultimate decision, whether to grant relief? So, it does, so ultimately, I guess, the IJ denying motion to continue made it so that he was not eligible for adjustment of status or cancellation of removal. But the immigration judge did not directly find that he's not eligible for cancellation or adjustment of status. And so the determination that was made in this case dealt with the motion to continue and motion to remand, which come from the Attorney General's authority as dictated by the regulations. And that is the main distinction for why this case does not fall under Patel. And so the respondent asked the court to deny the petition for review because the board did not abuse its discretion in denying petitioner's motion to remand because Mr. Ochoa failed to provide material evidence to warrant remand as required by 8 CFR 103.2C. And as explained by the board practice manual at Chapter 5.8. Indeed, petitioner was required to show three things. One, he was required to provide proof that the 2000 Controlled Substance Commission was vacated. He needed to show that was for substantive reasons. And number three, he needed to show that he was otherwise eligible. Although petitioner points to the vacature, that was not part of the record before the board. That was part of his motion to reopen that he filed after the board's decision. With regard to the 2000, sorry, so in this case, petitioner has three crimes. He has the 1996 conviction for possession of a controlled substance. Although he indicated that he received diversion and that he should receive treatment under Lujan, under the Federal First Offender, he did not provide any proof that it was actually expunged. Instead, all he provided was the Cal DOJ printout, which indicates that there was a diversion, but there's nothing else. Because petitioner bears the burden of proof under Parita v. Wilkinson, he needs to show that it was actually expunged. And with regard to the 1999 conviction, although Mr. Ochoa's counsel does a good job of saying why there's doubt, again, he has the burden to show that it was not him and it was his brother instead. But I would like to point out, in the record, under the California Department of Justice printout, which is based on his fingerprints on page 246, petitioner himself used his brother's name and was convicted of a crime in 2010. Again, if there's any ambiguity, any risk of that ambiguity falls on petitioner. And finally, with regard to the 2000 conviction, petitioner did not provide proof that it was vacated and it was for a substantive reason. The court should also deny the petition for review as far as his challenge of the agency's denial of his continuance request. Basically, that challenge is moot because there's nothing to continue in this case anymore. He wanted a continuance for his vacature, he got his vacature, and the board even considered it and said it was not sufficient. So, there is nothing else to do with regard to the continuance. For those reasons, respondent asks that the petition for review be denied. Counsel, I have a follow-up question for you, actually looping back to the first point, the Patel question. There's an 11th Circuit case, Flores-Alonzo v. Attorney General. It's at 36 F. 4th and 1095. And I'm not sure if you've had a chance to look at this case. It came out this year. But the point that you are advocating, and I'm going to ask Mr. Cruz the same question, seems to me, as I read the 11th Circuit case, the way you're saying we should go, there's a lot of tension with what the 11th Circuit did. I want to give you an opportunity to speak to that, or if you want to follow up with the 28J letter, that's fine as well. Asking us to do a circuit split, we do that in the 9th Circuit. We do it quite a lot, actually. But that being said, I want to be aware that if we're going to set up a different regime than what's going on in one of the largest circuits in the country, we probably should know that before we do it. So if you're familiar with that case, can you talk to whether your view is consistent with that case or not consistent? Because if we're going to write your way, we've got to explain that 11th Circuit case. Your Honor, unfortunately, I'm not aware or familiar with the 11th Circuit case, and I'd be happy to follow up with the 28J letter after this argument. Okay. All right. Thank you. I appreciate that. Let me ask my colleagues, any other questions for Ms. Lee? No. All right. Thank you. All right, Mr. Cruz, you've got two minutes. Thank you, Your Honor. First, Your Honor, with regards to the 11th Circuit case, like counsel, I have not reviewed that decision. I can certainly submit a statement with regards to our position. But there are four points that I'd like to briefly make, Your Honor. First, we are no longer seeking review of the board's order to remand. The evidence was missing when the appellate brief was filed. We have submitted the evidence in that motion. The motion remains pending. We're going to wait for the board's decision on that motion. But there are a couple of points which I think are necessary to address. First, with regards to the 1996 case, the immigration judge says that no evidence was provided. False. There is a California Department of Justice record check. There is a certified letter from the Orange Superior Court saying the record had been destroyed. There's the government's own rap sheet in the file that provides that. And more importantly, I think, overlooked by the judge, there is a decision made by immigration years ago when he first filed for adjustment of status that provides that petitioner has successfully completed diversion and the case has been dismissed. That is in the government's own decision. And I would reference the court to consider that decision given their admission about petitioner's compliance in full with regards to that diversion program, which only lasted six months. Placed in diversion in June. Case was dismissed in December. No reference to any violations. And under Lujan and the Federal First Offenders Act, that conviction does not exist for immigration purposes. With regards to the 2000 case, at the time that the motion was filed, the motion clearly had not been decided. And the judge needed to consider under the appropriate standard whether or not the motion was speculative. The judge didn't do that. He provides six reasons in a rant about why the state court judge is attempting to usurp federal law. But that analysis, Your Honor, has nothing to do with the penal code section at 1473.7. The judge was required to address the language, to address the motion, to address the evidence, and not consider superficial statements that had no bearing on the state court with regards to that motion to vacant. For these reasons, we ask the court to reverse the board's decision. Thank you, Your Honors. Right on time, Mr. Cruz. Well done. Thank you both, counsel, for your argument in the briefing of this case. And once again, the case that I mentioned is Flores-Alonzo. It's 36F4-1095. All right. Thank you both. This matter is submitted. We'll go ahead and move on to the next case.
judges: OWENS, MILLER, Ezra